IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOSEPH PIATTI,                          *
                                        *
        Plaintiff,                      *
                                        *
vs.                                     *  CIVIL ACTION NO. 21-00339-KD-B
                                        *
ARCHIE JOHNS, *et al.,*                 *
                                        *
        Defendants.                     *


## REPORT AND RECOMMENDATION

This case is before the Court on Defendant Great American Insurance Company's ("Great American's") Motion to Dismiss.[1] (Doc. 2). The motion has been fully briefed and is ripe for resolution. Upon consideration of all matters presented, the undersigned **RECOMMENDS,** for the reasons stated herein, that Defendant's Motion to Dismiss be **GRANTED** with respect to all claims asserted against this Defendant by Plaintiff in the Second Amended Complaint.

### I. Background Facts

In the Second Amended Complaint, Plaintiff Joseph Piatti ("Piatti") alleges that he contracted with Defendant Archie Johns ("Johns") to provide an estimate to repair Piatti's seawall because

---

[1] This action was removed to this Court from the Circuit Court of Baldwin County, Alabama, on July 30, 2021. (Doc. 1). The motion has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. CivLR 72(a)(2)(S).

it was leaning and caving in. (Doc. 1-1 at 5). Johns sent Piatti an estimate under the business name, Deep South Marine Restoration ("Deep South"). (Id.). Piatti and Johns agreed to a contract whereby Johns, d/b/a Deep South, would repair the seawall for a payment of $35,320.00 by Piatti in three installments. (Id. at 6). Deep South began work on Piatti's seawall on December 5, 2018, and completed its work on January 5, 2019. (Id.). Piatti timely paid the contract price in full. (Id.).

On January 20, 2019, two weeks after Deep South completed its work, Piatti notified Johns that the new bulkhead and dock were leaning and caving in. (Id.). Johns/Deep South attempted repairs on multiple occasions over a period of approximately one year, but the bulkhead continued to worsen and degrade and ultimately failed. (Id.). Sometime around January 1, 2020, Johns ceased responding to Piatti's attempts to contact him. (Id. at 7). Legal counsel for Piatti communicated with Johns on February 18, 2021, but further attempts to communicate with Johns failed. (Id.). On September 16, 2020, Hurricane Sally exacerbated the damage to the bulkhead. (Id.).

Defendant Fisk Marine Insurance International ("Fisk Marine Insurance") issued Deep South a certificate of liability insurance to provide liability insurance for the contract. (Id. at 5, 8). Defendant Great American is listed as the insurer on the certificate of liability insurance. (Id.).

Defendant Great American filed the instant motion seeking the dismissal of any and all claims asserted against it by Piatti in the Second Amended Complaint.  Great American argues, first, that Piatti is precluded from bringing a direct-action claim against it, as an insurer, at this time and that a direct-action claim does not accrue unless and until a final judgment has been entered against the Defendants Johns/Deep South.  Second, Great American argues that, even if the claim against it were ripe, the policy excludes coverage for property damage arising out of Deep South's defective work or breach of warranty.[2]  (Doc. 2 at 3-5).

In Piatti's response, he appears to concede that he cannot bring a direct action against Great American for payment of insurance proceeds; nevertheless, he states that Great American should be kept in the case as a necessary party.  In addition, Piatti argues that Great American is liable for its own actions, *i.e.,* "fraud in the inducement to contract" and collusion with Johns and Deep South to secure contracts that "Great American never intended to honor," pursuant to Ala. Code § 6-5-100, 101.  (Doc.

---

[2] Great American also argues that any negligence claim would be barred by the two-year statute of limitations, inasmuch as Piatti knew of the damage to his bulkhead in January 2019 but did not file suit until May 2021.  (Doc. 2 at 3-5).  However, the Court need not address that argument since the Second Amended Complaint does not assert a negligence claim against Great American. Likewise, Piatti's arguments in his response related to the statute of limitations on his breach of contract claim have no bearing on this motion as the Second Amended Complaint does not allege such a claim against Great American.

8 at 2-3).

The Court will consider each of Plaintiff's claims and the parties' arguments in turn.

## II. Standard of Review

Rule 8(a) of the Federal Rules of Civil Procedure requires that a plaintiff present "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citations and internal quotation marks omitted). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. The court must accept the allegations in the complaint as true, and the facts must be construed in the light most favorable to the plaintiff. Lopez v. Target Corp., 676 F. 3d 1230, 1232 (11th Cir. 2012).

Typically, a court reviewing a motion to dismiss under rule 12(b)(6) is limited to the four corners of the complaint. See Bickley v. Caremark RX, Inc., 461 F.3d 1325, 1329 n.7 (11th Cir. 2006). If, however, the complaint refers to documents that are central to the case, those documents may be considered part of the pleadings. See Jordan v. Miami-Dade County, 439 F. Supp. 2d 1237, 1240 (S.D. Fla. 2006). Similarly, courts may consider any document attached to a motion to dismiss without treating the motion as one

for summary judgment so long as the plaintiff has referred to the document in its complaint, the document is "central" to the claims, and the authenticity of the document is unchallenged.  See Bickley, 461 F.3d at 1329 n.7; Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing Harris v. Ivax Corp., 182 F.3d 799, 802 n.2 (11th Cir. 1999)).

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted.  "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir. 1993)).  All "reasonable inferences" are drawn in favor of the plaintiff.  St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).  To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations"; however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level . . ., on the assumption that all the allegations

in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations omitted).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

**III. Analysis**

Despite Piatti's statements in his response that he is not attempting to bring a direct-action claim against Great American (Doc. 8 at 3), in his Second Amended Complaint, Piatti expressly alleges that Great American is "responsible for reimbursing the Plaintiff for the damage in order to comply with [its] obligations under the referenced certificate of liability insurance and [has] failed to do so."  (Doc. 1-1 at 9-10).   As discussed, Great American counters that Piatti is precluded, at this point, from bringing a direct-action claim against it, as an insurer, because a cause of action against a defendant's liability insurance carrier does not accrue until a final judgment has been entered against the defendant.

Alabama Code, § 27-23-2, Alabama's direct-action statute, provides:

> Upon the recovery of a final judgment against any person, firm, or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have

>           the insurance money provided for in the
>           contract of insurance between the insurer and
>           the defendant applied to the satisfaction of
>           the judgment, and if the judgment is not
>           satisfied within 30 days after the date when
>           it is entered, the judgment creditor may
>           proceed against the defendant and the insurer
>           to reach and apply the insurance money to the
>           satisfaction of the judgment.

Ala. Code § 27-23-2. "[A] stipulation of the statutory cause of action brought under the direct-action statute is that a recovery may occur only after the plaintiff has established liability against the insured." Ex parte State Farm Fire & Cas. Co., 300 So. 3d 562, 566 (Ala. 2020)("A statutory element of a direct-action claim against an insurer is the establishment of liability against the party insured by the insurer. . . . [T]he respondents brought direct-action claims against State Farm based on the Church's liability for damage allegedly suffered by the respondents without having first established liability against the Church. Thus, the respondents are unable to fulfill an element required under § 27-23-2 to state a cognizable direct-action claim against State Farm."); see also Tuskegee Univ. v. National Union Fire Ins. Co. of Pittsburgh, PA, 2018 U.S. Dist. LEXIS 110184, *11, 2018 WL 4355857, *4 (M.D. Ala. June 29, 2018), report and recommendation adopted as modified, 2018 WL 3873584 (M.D. Ala. Aug. 15, 2018)("Alabama's Direct Action Statute, § 27-23-2, Ala. Code 1975, as amended, prohibits a plaintiff to a declaratory

judgment lawsuit 'from seeking recovery from an insurance company until a judgment has been obtained against the insured party.'")(citing <u>Canal Ins. Co. v. INA Trucking, LLC</u>, 2017 WL 1146984, *7 (M.D. Ala. Mar. 10, 2017), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 35512, *15, 2017 WL 1147772 (M.D. Ala. Mar. 27, 2017)(a duty to indemnify claim is not ripe until there is clear liability established in the underlying lawsuit, that is, "until the insured is in fact held liable in the underlying suit."); <u>Colony Insurance Co. v. Floyd's Prof'l Tree Serv.</u>, 2008 WL 2705123, *3 (M.D. Ala. July 9, 2008)(Moorer, M.J.)(dismissing a duty to indemnify claim due to lack of ripeness because the issue of indemnity was unsettled in an underlying state court action); <u>State Farm Fire & Cas. Co. v. Myrick</u>, 2007 WL 3120262, *3 (M.D. Ala. Oct. 23, 2007) (Watkins, C.J.)("the duty to indemnify is not ripe because the underlying case is unresolved, meaning that State Farm's duty to indemnify is presently an abstract, academic question."). Based on the foregoing cases, Piatti's failure to first establish liability against Johns and Deep South is fatal to any direct-action claim against Great American to obtain and apply any insurance proceeds to the satisfaction of the judgment.[3]

---

[3] Having found that a direct-action claim against Great American is not ripe, the Court need not address Great American's remaining arguments related to this claim.

Next, in order to prevent the dismissal of his claim against Great American, Piatti argues in his response that his claim against Great American is actually a fraud claim based on Great American's own actions. Specifically, Piatti asserts that Great American is liable for "fraud in the inducement to contract" and "collu[sion]" with Johns and Deep South "to secure contracts Great American never intended to honor," pursuant to Ala. Code § 6-5-100, 101.   (Doc. 8 at 2-3).

Alabama Code, § 6-5-101 provides:

> Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud.

Ala. Code § 6-5-101.

A review of Piatti's Second Amended Complaint reveals no allegations whatsoever against Great American that would support a claim of fraud.   To the contrary, Piatti's Second Amended Complaint sets forth three numbered counts, namely breach of contract, breach of warranty, and negligence.   None of the counts contain a fraud claim, and none of the claims is asserted against Great American.

Having scoured the Second Amended Complaint for any allegations of fraud, or indeed allegations of any kind against Great American, the Court is left with Piatti's general allegations

that the "issu[ance of] a certificate of liability insurance" by Fisk Marine Insurance, which "listed" Great American as the "insurer," "induced Plaintiff to enter the contract for work which is the subject of this litigation." (Doc. 1-1 at 5, 8).  These allegations have nothing to do with Great American's own actions and are, in any event, insufficient to state a claim for fraud in the inducement against Great American.

Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake."  Koster v. Grafova, 2019 U.S. Dist. LEXIS 81856, *38, 2019 WL 2124532, *14 (N.D. Ala. May 15, 2019).  The Eleventh Circuit has explained what a complaint could contain to satisfy Rule 9(b): "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Koster v, 2019 U.S. Dist. LEXIS 81856, *38, 2019 WL 2124532, *13 (Under Alabama common law, "[t]he elements of fraud include (1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation. . . . . Fraud in the inducement consists of one party's misrepresenting a material fact

concerning the subject matter of the underlying transaction and the other party's relying on the misrepresentation to his, her, or its detriment in executing a document or taking a course of action.")(citations and internal quotation marks omitted).

The Court recognizes that the direct-action statute does not bar a claim against an insurer where the insurer, "acting independently of its insured" commits a tort against the claimant. Ex parte State Farm, 300 So. 3d at 567.   However, here, Piatti has failed to allege facts which would establish that Great American acted independently of its insureds (Johns/Deep South); that Great American "misrepresent[ed] a material fact concerning the subject matter of the underlying transaction;" and that Piatti relied on the misrepresentation to his detriment "in executing a document or taking a course of action." Koster, 2019 U.S. Dist. LEXIS 81856 at *38, 2019 WL 2124532 at *13 (citations omitted). Based on the foregoing, Piatti's purported claim against Great American for "fraud in the inducement" must fail.

Accordingly, Great American's motion to dismiss is due to be **GRANTED** as to all claims asserted against Great American in Plaintiff's Second Amended Complaint.

**IV.   Conclusion.**

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant Great American's Motion to Dismiss be **GRANTED** with respect to all claims.

11

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **29th** day of **October, 2021.**

_____
/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**