# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH PIATTI,** )  | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION: 1:21-00339-KD-B** |
| ) | |
| **ARCHIE JOHNS,** *et al.,* ) | |
|     **Defendants.** ) | |

## ORDER

This matter is before the Court on Plaintiff's Motion to Dismiss Defendant Great American Insurance Solutions, Inc. without prejudice, stating the entity was named in error. (Doc. 24).

As grounds for its motion, Plaintiff cites Rule 41 of the Federal Rule of Civil Procedure. The Court's review indicates that the motion was not signed by all parties who have appeared in this case as required for dismissal pursuant to Rule 41(a)(1)(A)(ii), and Rule 41(a)(1)(A)(i) is likewise inapplicable as an answer (Doc. 3) has already been filed in this case. Nevertheless, a motion to dismiss or notice of dismissal under Rule 41 may be filed against one defendant without dismissing the entire action. See, e.g., Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004) ("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant ..."); Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 254 (5th Cir. 1973)[1] ("There is little merit in the argument that the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)]...."). Indeed, Rule 41(a)(2) permits a plaintiff to dismiss voluntarily an action "upon order of the court and upon such terms and

---

[1] Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting all decisions of the former Fifth Circuit announced prior to October 1, 1981, as binding precedent in the Eleventh Circuit).

conditions as the court deems proper." This includes a plaintiff's action as to one defendant. See *supra*. See also e.g., Family Medicine Pharmacy, LLC v. Goodman, 2021 WL 298418 (S.D. Ala. Jan. 14, 2021) (finding proper a plaintiff's dismissal of less than all defendants via Rule 41(a)(2)).

In this instance, the vehicle through which Plaintiff may accomplish dismissal of his claims against this one defendant is thus Rule 41(a)(2), and "[t]he district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." Pontenberg v. Boston Sci. Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (per curiam). Upon consideration, the Court construes Plaintiff's motion to dismiss (Doc. 24) as a Rule 41(a)(2) motion to dismiss Defendant Great American Insurance Solutions, Inc. as a defendant in this case. It is **ORDERED** that Plaintiff's motion (Doc. 24) is **GRANTED**, and Defendant Great American Insurance Solutions, Inc. is **DISMISSED without prejudice**.

**DONE** and **ORDERED** this the **29th** day of **March 2022.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**